MILDRED ENGLISH and JOHN ENGLISH, Respondents, v. MERROADS REALTY CORP., Appellant, and Others, Defendants.— Judgment in an action brought by the plaintiff-wife to recover damages for personal injuries sustained as the result of a fall while she was escaping from a fire caused by the negligence of the appellant, and by her husband for loss of services and medical expenses, affirmed, with costs. No opinion. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Johnston, J., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: Appellant is the owner of a two-story brick building, the ground floor of which is occupied by a tenant who uses it for business purposes, and the upper floor by plaintiffs as a dwelling. Appellant,

which under the lease was required to furnish heat, maintained an oil burner in the cellar. On December 14, 1937, a fire broke out in the premises and when plaintiff-wife opened the door leading to the stairway she observed smoke, became frightened, and ran to a porch in the rear of her apartment. She attempted to make her escape with the aid of a bedspread, which she tied to the porch railing, but lost her grip and fell, sustaining injuries. It appears that about ten A. M. a delivery of fuel oil by an independent contractor had been made and about ten-eighteen A. M. the fire alarm was sounded. When a fireman entered the cellar he found the cap of the fuel tank had not beeñ replaced but was lying on top of the tank, and oil was on the cellar floor. The only cause for the oil being on the floor is that there was an overflow or spill while the oil was being pumped into the tank by the independent contractor. There was evidence from which the jury could have found that the fire was caused by the oil reaching the furnace. Although one Feinberg, appellant's treasurer, was at the premises when the oil was delivered and he receipted for it, he was not in the cellar at the time the delivery was made, nor between the time of the delivery and the fire, and there is no evidence that he or any one representing the appellant removed the cap or knew that it had not been replaced. Nor did appellant have reason to suspect that the oil had been spilled on the cellar floor. Under the circumstances, no negligence on the part of the appellant was shown.